# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,                          :                  Case No. 3:08-cr-041 (8)
                                                                     Also 3:10-cv-147

                                                                     District Judge Thomas M. Rose
        -vs-                                              Magistrate Judge Michael R. Merz
                                                            :

URIEL SANCHEZ-TORRES,

        Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's *pro se* Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 188). As with all habeas corpus litigation at Dayton, it has been referred to a United States Magistrate Judge under the Dayton General Order of Assignment and Reference.

Under Rule 4 of the Rules Governing § 2255 Motions, each such motion is to be initially reviewed by a judicial officer. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the defendant is not entitled to relief, the Court is required to dismiss the motion.

In this case, Defendant indicates he was sentenced on January 6, 2009, which the docket confirms (Minute Entry, Doc. No. 144). The final judgment was entered two days later on January 8, 2009. Defendant states to the Court that he placed his Motion into the prison mailing system on April 2, 2010. By law, a prisoner's filings are deemed filed when thus deposited. *Houston v. Lack,* 487 U.S. 266 (1988); *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

Under 28 U.S.C. § 2255(f), a one-year statute of limitations applies to the filing of motions

to vacate. That year runs from the latest of one of four possible dates; in this case the applicable date is the date on which the judgment in the case became final. In this case, since Defendant did not appeal from the final judgment, the judgment became final ten days after the judgment was entered. Fed. R. App. P. 4(b)(1)(A). By application of Fed. R. Civ. P. 6, intervening Saturdays, Sundays, and legal holidays (in this case Martin Luther King Day) were excluded from the calculation, so the time to appeal expired on January 23, 2009.

Because the instant Motion was filed far more than one year after the judgment became final, the Motion is barred by the one-year statute of limitations. The Motion should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

April 15, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), or (E) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).