# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,         :         Case No. 3:08-cr-041 (8)
                                                      Also 3:10-cv-147

                                                  District Judge Thomas M. Rose
     -vs-                                 Magistrate Judge Michael R. Merz
                                         :

URIEL SANCHEZ-TORRES,

        Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (Doc. No. 191) to the Magistrate Judge's Report and Recommendations (Doc. No. 189) recommending that Defendant's Motion to Vacate (Doc. No. 188) be dismissed with prejudice as barred by the one-year statute of limitations under 28 U.S.C. § 2255(f). The General Order of Reference for the Dayton location of court permits Magistrate Judges to reconsider matters when objections are made without a separate recommittal order under Fed. R. Civ. P. 72(b).

On August 5, 2008, Defendant entered into a Plea Agreement with the United States under which he agreed to plead guilty to Count One of the Indictment, charging him with conspiracy to distribute and possess with intent to distribute heroin and five kilograms or more of cocaine (Doc. No. 93) .He acknowledged that his imprisonment sentence would be at least ten years and could be up to life imprisonment. Paragraph 9 of the Plea Agreement reads:

> 9.     The defendant is aware that Title 18, United States Code, Section 3742 gives the defendant a right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives his right to appeal all matters pertaining to

> this case and any sentence imposed by the Court. The defendant does retain the right to appeal a sentence imposed above the applicable sentencing Guidelines range as a consequence of an upward departure. This limited right to appeal exists only if the Court imposes a sentence which is an upward departure from the applicable Sentencing Guideline range.

On January 8, 2009, Defendant was sentenced to the minimum term of ten years (Doc. Nos. 144, 145). No appeal was taken and the time to appeal expired on January 23, 2009 (Report and Recommendations, Doc. No. 189, PageID 611). The § 2255 Motion was deemed filed April 2, 2010, the date Defendant states he placed it in the prison mail system. Because this is far more than one year after the judgment became final, the Magistrate Judge concluded that the statute of limitations had expired.

In his Objections, Petitioner notes that, with his § 2255 Motion, he filed a request for an extension of time to submit memorandum in support. He stated he had not appealed because "[m]y counsel failed to provide me with any proper advice or information: I sought to appeal but counsel neglected to file a [sic] appeal." (Motion, Doc. No. 188, PageID 597). As his Grounds for Relief, Defendant asserts he received ineffective assistance of counsel (Ground One), that he is actually innocent (Ground Two), that he was deprived of his Fifth and Sixth Amendment Constitutional rights (Ground Three), that he was subjected to "unreasonable application of the Statute of Supervised Release" (Ground Four). In the statement of facts section provided in the § 2255 form for each of these grounds he merely states "See Memorandum and Brief in Support." He admits that he has not presented any of these grounds before "because of counsel of record neglected to file a [sic] appeal or keep me informed of what was going on." *Id.* at PageID 603. In § 18 as to timeliness, he says "Ineffective assistance of counsel, actual innocence. See Memorandum and Brief."

Defendant in fact attached no memorandum and brief. Instead, he sought an "extension of

time up to and including May 3, 2010, in order to perfect a memorandum in support of why this court should vacate his sentence and or conviction" for which he would need the assistance of the "legal research center." *Id.*, Page ID 607.

Defendant's Objection is that the Magistrate Judge's failure to give him an extension of time to May 3, 2010, to file his memorandum and brief deprived him of "a fundamental principle of Due Process." (Objections, Doc. No. 191, PageID 616). But he cites no authority, and the Court is aware of none, which guarantees a criminal defendant who is already ninety days late in filing a § 2255 motion another thirty days to explain why the motion is not untimely.

Defendant now says in his Objections that the motion is untimely because no appeal was filed, even though he told his attorney to file an appeal. If Defendant could show that he actually told his attorney to appeal and the attorney failed to do so, that could excuse failure to raise any of his issues on appeal because failure to file an appeal on request is *per se* ineffective assistance of counsel. *Ludwig v. United States,* 162 F.3d 456 (6th Cir. 1998). This claim is not inherently credible because (1) he waived his right to appeal in the Plea Agreement, (2) he received the minimum sentence allowed by law, (3) he attaches no copy of his supposed letter telling his counsel to appeal (See PageID 616), and he provides no affidavit of his own setting forth any details of such a request.

But even if Defendant could show his attorney did not appeal despite a request to do so, that would not excuse late filing of the § 2255 Motion. Ineffective assistance of counsel can act to excuse failure to file only in those proceedings in which there is a constitutional right to the effective assistance of counsel under the Sixth Amendment. There is no such right to an attorney in a § 2255 proceeding. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). There is no constitutional right to appointed counsel in habeas cases, before or after filing. *McCleskey v. Zant,* 499 U.S. 467(1991).

Defendant notes that he is Spanish-speaking and this made it difficult to file. However, the language barrier does not excuse the delay. In *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004), the Sixth Circuit held that lack of counsel, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse failing to file an appeal to the Ohio Supreme Court within the short 45-day time frame allowed. *Bonilla*, citing *Murray v. Carrier,* 477 U.S. 478, 494-95 (1986). Much less can they excuse failing to file within a year and a quarter, which is what happened here.

Defendant notes that if an appeal had been filed and, assuming an unfavorable result in the Court of Appeals, a petition for writ of certiorari had been filed, his time to file his § 2255 motion would not have begun to run until the Supreme Court had denied the petition. That is true. It is also true that if Defendant had not pled guilty or his sentencing had been delayed another ninety days or he had sought to withdraw his plea, or any one of a number of other contingencies which could have happened, any one of which could have been affected by acts of his attorney, his Motion might have been timely. Indeed, if he had never conspired to distribute large amounts of controlled substances, he would never have had need of a § 2255 motion. But given the facts as they actually happened, rather than as they might have happened, Defendant's § 2255 is time barred.

It is therefore again respectfully recommended that the Motion be denied with prejudice and Defendant be denied leave to appeal in forma pauperis and any requested certificate of appealability. May 17, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).